UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

WESLEY E. CRAWFORD and )
COLLEEN A. CRAWFORD, )
)
Plaintiffs, )
)
v. ) No.: 3:24-CV-382-TAV-DCP
)
COMMUNITY HEALTH SYSTEMS, )
INC., *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on a Report and Recommendation ("R&R") entered by United States Magistrate Debra C. Poplin on January 5, 2026 [Doc. 97]. The R&R addresses plaintiffs' first motion to proceed *in forma pauperis* ("IFP") on appeal [Doc. 94]. Judge Poplin recommends that the Court deny plaintiffs' motion [Doc. 97]. Plaintiffs object to the R&R [Doc. 98], and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). Also before the Court are plaintiffs' motion to expedite a ruling [Doc. 100] and second motion to proceed IFP on appeal [Doc. 104]. For the reasons that follow, the Court will **OVERRULE** plaintiffs' objections [Doc. 98], **ACCEPT** and **ADOPT** the R&R [Doc. 97] in whole, **DENY** plaintiffs' motions to proceed IFP on appeal [Docs. 94, 104], and **DENY as moot** plaintiffs' motion to expedite a ruling [Doc. 100].

## I. Background

On September 9, 2024, plaintiffs filed a complaint alleging various claims related to plaintiff Wesley E. Crawford's treatment in the emergency department at Tennova

Healthcare, North Knoxville Medical Center from November 27 to 29, 2022 [Doc. 1]. Thereafter, plaintiffs filed a motion to proceed IFP [Doc. 5]. In an Order and R&R issued on March 18, 2025, Judge Poplin granted plaintiffs' motion to proceed IFP but recommended that the Court dismiss several of plaintiffs' claims [Doc. 47]. In particular, Judge Poplin recommended that the Court dismiss plaintiffs' claims for Emergency Medical Treatment and Labor Act ("EMTALA") violations as against individual defendants, Health Insurance Portability and Accountability Act ("HIPAA") violations, and negligence relating to "COVID Candidate Misrepresentation" [*Id.*]. Defendants filed objections to the R&R [Docs. 48, 51, 52].

On May 8, 2025, the Court issued a Memorandum Opinion and Order sustaining defendants' objections in part and dismissing all claims, including plaintiffs' state law claims, except the EMTALA claim against Metro Knoxville HMA, LLC ("Tennova North") [Doc. 57]. The Court also directed plaintiffs to file an amended complaint consistent with the Memorandum Opinion and Order [*Id.* at 14]. Plaintiffs subsequently filed a motion to reconsider the dismissal of their state law claims [Doc. 59], and they filed their first amended complaint on May 21, 2025 [Doc. 60]. Tennova North moved to dismiss the first amended complaint [Doc. 65].

The Court issued a Memorandum Opinion denying plaintiffs' motion to reconsider and granting Tennova North's motion to dismiss on August 29, 2025 [Doc. 91]. That same day, the Court entered a Judgment Order and dismissed the case [Doc. 92]. Thereafter, plaintiffs filed a notice of appeal [Doc. 93] and a motion to proceed IFP on appeal [Doc. 94]. In the R&R, Judge Poplin recommended that the Court deny plaintiffs' motion to

2

proceed IFP on appeal, finding that plaintiffs did not satisfy the requirements outlined in Federal Rule of Appellate Procedure 24 [Doc. 97]. Specifically, Judge Poplin found that plaintiffs did not provide sufficient detail to evaluate good faith because they did not address specific aspects of the Court's rulings or identify why they are entitled to redress [*Id.* at 4–5]. Plaintiffs then filed a motion to expedite a ruling on their motion to proceed IFP on appeal [Doc. 100] and a second motion to proceed IFP on appeal [Doc. 104].

## II. Standard of Review

This Court reviews *de novo* those portions of the magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks omitted). A general objection, in contrast to a specific objection, "has the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the report and recommendation to which the litigant objects with sufficient clarity such that the Court can identify it, or else that issue is deemed waived. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

Moreover, if "objections merely restate the arguments asserted in [a party's] earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived." *Modrall v. U.S. Dep't of Educ.*, No. 1:19-cv-250, 2020 WL 2732399, at \*2 (E.D. Tenn. May 26, 2020) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)).

The Court is mindful that because plaintiffs are proceeding *pro se*, their filings should be liberally construed. *See Johnson v. E. Tawa Housing Comm'n*, No. 21-1304, 2021 WL 7709965, at \*1 (6th Cir. Nov. 9, 2021). However, plaintiffs must still comply with the relevant rules of procedural and substantive law. *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

## III. Analysis

### A. First Motion to Proceed IFP on Appeal

Plaintiffs first object to Judge Poplin's conclusion that the notice of appeal did not provide sufficient detail to evaluate good faith [Doc. 98, p. 2]. They argue that the notice of appeal identifies multiple rulings being appealed, including the judgment dismissing the first amended complaint, the denial of reconsideration dismissing the state law claims, the finding that January 20, 2023, was the tolling date for state law claims, the denial of recusal, and improper procedural issues [*Id.*].

Upon a *de novo* review of the record, plaintiffs' notice of appeal, and plaintiffs' objections, the Court agrees with Judge Poplin's well-reasoned analysis in the R&R. Under Federal Rule of Appellate Procedure 24(a)(3)(A), "a party who has proceeded [IFP] in the district court is entitled to pauper status without further authorization on appeal, unless the

4

district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed [IFP] and states in writing its reasons for the certification or finding." *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *1 (E.D. Tenn. Aug. 5, 2010) (citing Fed. R. App. P. 24(a)(3)(A)). Similarly, according to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Although the Court construes plaintiffs' filings liberally, the notice of appeal sets forth generalized grievances without identifying the specific issues that plaintiffs intend to raise on appeal or the reasons why they are entitled to redress [Doc. 93]. *See Johnson*, 2021 WL 7709965, at *1. Since plaintiffs have not identified the nature of their appeal, Judge Poplin did not err in concluding that the notice lacks the required specificity under Federal Rule of Appellate Procedure 24. *See* Fed. R. App. P. 24(a)(1) (requiring an affidavit by the plaintiff identifying the issues he or she seeks to raise on appeal and why he or she is entitled to redress); *Scott v. Patrick*, No. 1:06-CV-568, 2007 WL 426519, at *1 (W.D. Mich. Feb. 2, 2007) ("Section 1915(a)(1) requires an a affidavit by plaintiff identifying the 'nature' of his appeal, including some specificity identifying the basis of the appeal supporting his belief that he is a 'person entitled to redress.'") (quoting 28 U.S.C. § 1915(a)(1)).

Additionally, plaintiffs cannot establish that they provided sufficient detail by vaguely referencing the rulings they seek to appeal. *See Nesselrode v. U.S. Sec. of Educ. Agency*, No. 2:16-CV-918, 2017 WL 7520599, at *1 (S.D. Ohio Nov. 20, 2017) (finding that plaintiff's appeal was frivolous because he did not identify specific issues he intended

to appeal and "instead simply direct[ed] the Court to refer to [his] previous legal filings"); *Powell*, 2010 WL 3087387, at * 2 (denying a plaintiff's pro se motion to proceed IFP on appeal because she did not specify why she was "entitled to redress, including the identification of any law, fact, or specific finding by the Court which might provide a basis for an appeal"). Thus, the Court finds that Judge Poplin did not err in finding that plaintiffs' assertions in the notice of appeal lacked specificity.

Moreover, throughout their objections, plaintiffs attempt to fix the deficiencies identified by Judge Poplin by re-submitting the issues they intend to raise on appeal and providing more detail as to the "arguable basis in law and fact supporting each issue" [*See* Doc. 98, pp. 2–14]. Specifically, plaintiffs submit that they intend to raise the following issues on appeal: (1) impartiality and improper procedural issues; (2) dismissal of state law claims; and (3) final order of EMTALA claims dismissal [*Id.* at 3–14]. In support, plaintiffs state that they reasonably raised issues related to the Court's resolution of "key disputes, unresolved factual questions, concealment and intentional misrepresentation, and the sequence of rulings" [*Id.* at 3]. They also contend that the dismissal of the state law claims on statute of limitations grounds was improper because plaintiffs showed that the claims were timely and a lab report central to the dispute was not placed in the record [*Id.* at 6]. Finally, plaintiffs argue that their EMTALA claim raises arguable questions about whether the hospital provided appropriate medical screening or stabilizing treatment and whether the Court erred in applying the "improper motive" requirement set forth in *Cleland v. Bronson Health Care Group, Inc.*, 917 F.2d 266 (6th Cir. 1990) [*Id.* at 7–11].

6

To the extent that plaintiffs for the first time present new details related to the issues they intend to present on appeal, the Court notes that these matters were not previously raised; therefore, they are not appropriately raised in plaintiffs' objections. *See Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) ("Parties cannot raise at the district court stage new arguments or issues that were not presented *before* the magistrate judge's final R&R" (internal quotation marks and alterations omitted) (emphasis in original)). Accordingly, the Court finds that plaintiffs' appeal would not be taken in good faith.

## B. Second Motion to Proceed IFP on Appeal

Following Judge Poplin's R&R recommending that the Court deny plaintiffs' first motion to proceed IFP on appeal [Doc. 97], plaintiffs filed a second motion to proceed IFP on appeal, in which they largely raise the same issues [Doc. 104]. Specifically, plaintiffs state that they intend to raise the following issues on appeal: (1) "dismissal of state-law and EMTALA claims at the pleading stage"; (2) "impartiality/recusal"; and (3) "[t]he use of the Cleland v. Bronson case, requiring improper motive that is not found in EMTALA's text" [*Id.*].

Plaintiffs cannot get a second chance by filing a successive motion designed to remedy the deficiencies contained in their initial notice of appeal, which the well-reasoned R&R has fully addressed [*See* Docs. 93, 97]. Regardless, in reviewing plaintiffs' second motion to proceed IFP on appeal [Doc. 104] *de novo*, the Court finds that it does not present a non-frivolous ground for appeal. Plaintiffs' issues related to the dismissal of the state law and EMTALA claims and impartiality/recusal lack the required specificity under

7

Federal Rule of Appellate Procedure 24. *See* Fed. R. App. P. 24(a)(1); *Scott*, 2007 WL 426519, at *1 (quoting 28 U.S.C. § 1915(a)(1)). Since plaintiffs have not identified the nature of their appeal or the reasons why they are entitled to redress, they have not provided sufficient detail as to warrant appeal on these issues.

Regarding plaintiffs' appeal of "the use of the Cleland v. Bronson case," the Court notes that *Cleland* is binding precedent from the Sixth Circuit. Thus, plaintiffs' appeal related to the Court's use of this case in a prior Memorandum Opinion lacks an arguable basis in law or fact. *See Brooks v. McKenney*, No. 1:18-CV-572, 2018 WL 3370662, at *2 (W.D. Mich. June 12, 2018) ("[A]n appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law."). Accordingly, the Court concludes that plaintiffs' appeal would not be taken in good faith.

## IV. Conclusion

Upon a careful and *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. Plaintiffs' objections [Doc. 98] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 97] in whole and incorporates the R&R into this Memorandum Opinion and Order.

In addition, the Court **CERTIFIES** that plaintiffs' appeal is not taken in good faith and hereby **DENIES** plaintiffs' motions to proceed IFP on appeal [Docs. 94, 104]. Plaintiffs' motion to expedite a ruling [Doc. 100] is also **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE